UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS A. WAYNE, JR.,<br><br>   *Plaintiff*,<br><br> v.<br><br>UNKNOWN, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:25-cv-02447 (CJN) |

**MEMORANDUM OPINION**

  Before the Court is Plaintiff Jesus Wayne's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Wayne's IFP Application and, for the reasons that follow, dismisses his suit without prejudice.

  Wayne, who resides in the District of Columbia, sues two unnamed Defendants, a "Mix African Male (Kid)," and a "Mix African Male," both of whom reside somewhere in the District. *See* Compl. at 1–2. Wayne alleges that the Defendants trespassed at his property on July 28, 2025, while driving a gray Ford F-150. Wayne does not provide full names and addresses for the Defendants, contravening D.C. Local Civil Rule 5.1(c)(1), and he does not demand any relief from the Court. *See* Compl. at 4.

  *Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Rule 8 ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine

whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor Defendants can reasonably be expected to identify Wayne's claims or entitlement to relief, if any.

Wayne has also failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. He does not invoke any authority that provides a federal cause of action, nor can the Court independently discern any basis for federal question jurisdiction from the facts provided in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (citation omitted). Second, Wayne has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is a "well-established rule that diversity of citizenship is assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). Wayne has not alleged that the Defendants live outside the District of Columbia, let alone alleged that the amount in controversy plausibly exceeds $75,000.

For the foregoing reasons, the Court dismisses this case without prejudice. A separate Order will issue contemporaneously.

DATE: October 17, 2025

_____
CARL J. NICHOLS
United States District Judge